CHESTER BROADARD, administrator, *vs.* HUBBARD REGIONAL HOSPITAL. March 15, 1983. The sole issue raised by this appeal is whether a medical malpractice tribunal must be convened in cases where it is clear to the judge that as a matter of law the offer of proof, if substantiated at trial, would be sufficient to withstand a motion for a directed verdict. G. L. c. 231, § 60B. See *Little* v. *Rosenthal,* 376 Mass. 573, 578 (1978). The defendant appeals from an order of a Superior Court judge that the plaintiff's offer of proof "is sufficient to raise a legitimate question of liability appropriate for judicial inquiry," G. L. c. 231, § 60B, without an initial screening by a medical malpractice tribunal. See G. L. c. 231, § 118, first par. A single justice of the Appeals Court allowed the interlocutory appeal, and we transferred the case to this court on our own motion. We conclude that G. L. c. 231, § 60B, requires that a panel, not a judge, screen medical malpractice cases. Hence, we reverse and remand for the convening of a malpractice tribunal.

We summarize the facts. The plaintiff filed an action for medical malpractice against the defendant in early 1982. After several postponements, the matter was scheduled to be heard by a tribunal in May, 1982. Prior to the hearing date, the plaintiff filed an extensive offer of proof. On the day set for a hearing by the panel, the judge appeared alone. He told counsel that since he had determined as a matter of law that the plaintiff's offer of proof was sufficient under the statute, he intended to make a finding for the plaintiff. The judge said, "[I]t seems to me to be a needless exercise ·and a waste of the Commonwealth's money, to say nothing of the valuable time of a health professor and a lawyer, to have them come here and hear me say essentially what I just said."

The defendant objected, asserting that, notwithstanding the considerations articulated by the judge, "every medical malpractice case [must] in the first instance be heard by a Tribunal," as required by G. L. c. 231, § 60B. It further argued that, even putting aside the legal requirement, the philosophy and purposes of the statute provide for an interplay among the judicial, medical, and legal members of the panel. The defendant contended that it is not at all certain "what might come about by way of interplay among the three members."

We agree with the defendant that G. L. c. 231, § 60B, requires that a panel first screen medical malpractice cases. The statute contemplates that the judge may be aided by the insights of a health care professional and an attorney. Had the Legislature wanted only judges to screen the offers of proof, it could have said so. We are not free to ignore the plain words of the statute. We therefore remand this matter to the Superior Court for consideration by a tribunal, and for such further proceedings as may be necessary.[1]

*So ordered.*

*Robert V. Deiana (Richard A. Sheils, Jr.,* with him) for the defendant.

[1] Although the offer of proof is before us, the statute requires that it first be screened by a tribunal. We intimate no view on the correctness of the judge's ruling.