UNITED STATES of America, Appellee,

v.

**Carlos ZENON, Vieques Fishermen's Association and Other Unidentified Persons, Defendants, Appellants.**

No. 80–1826.

United States Court of Appeals,
First Circuit.

Argued June 6, 1983.

Decided July 21, 1983.

Judith Berkan, Hato Rey, P.R., with whom Pedro J. Saade Llorens, Hato Rey, P.R., was on brief, for defendants, appellants.

Francisco A. Besosa, Asst. U.S. Atty., Guaynabo, P.R., with whom Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., was on brief, for appellee.

Before COFFIN and BREYER, Circuit Judges, and SELYA,* District Judge.

BREYER, Circuit Judge.

Appellants challenge the legality of a district court injunction permanently forbidding them from "unlawfully" entering certain "restricted areas" owned by the United States Navy at Vieques, Puerto Rico. Appellants have challenged the lawfulness of various Navy activities at Vieques in other suits, which, for the most part, they have

* Of the District of Rhode Island, sitting by designation.

lost. *United States v. Saade,* 652 F.2d 1126 (1st Cir.1981); *Romero-Barcelo v. Brown,* 643 F.2d 835 (1st Cir.1981), *rev'd in part sub nom. Weinberger v. Romero-Barcelo,* 456 U.S. 305, 306, 102 S.Ct. 1798, 1800, 72 L.Ed.2d 91 (1982). Here they do not contest the Navy's ownership of the relevant property, nor do they contest the right of the Navy to bar trespassers. Rather, they raise several objections aimed specifically at the power of the district court to *order* them not to trespass. We find their objections to be without merit.

■ Appellants' primary claim is that the injunction is too broad—that its language is too vague to meet the standards of Fed.R. Civ.P. 65(d). But, they make this claim late in the day and to the wrong court. The injunction has been in effect (first in "preliminary" form) since January 25, 1979. In September, 1980, the court raised the possibility of making the injunction permanent; it set the case for hearing for November 12, 1980. Appellants responded. They attended the hearing, and they presented evidence and arguments. Yet, *at no point* did they argue to the district court that the wording of the preliminary injunction was too broad or too vague. Under these circumstances, in fairness to the Navy and to the district court, we hold appellants to the basic rule that an issue not presented to the district court cannot be raised for the first time on appeal. *Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir.1979). There is no special circumstance here warranting any exception. Appellants correctly state that they need not "write" the injunction themselves; that is a job for the court. Appellants, however, must state their objections to the injunction to the district court, so that the district court can consider them and correct the injunction if necessary, without the need for appeal. That is the very purpose of the *Johnston* rule.

Appellants also claim that the district court erred in not considering evidence offered to show (1) the effect of the Navy's restrictions on fishing and the environment; (2) the Navy's mining of the Vieques beaches; and (3) the existence of other methods, less drastic than an injunction, for keeping trespassers away. The court's decision not to hear this evidence, however, was well within its power to exclude irrelevant evidence, Fed.R.Evid. 402, and to exclude "relevant evidence," the "probative value" of which "is substantially outweighed ... by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

■ The fishing and environmental evidence was offered as relevant to the question of the Navy's right to keep trespassers off the beach, a question which the appellants have previously litigated and lost. *Romero-Barcelo v. Brown,* 478 F.Supp. 646 (D.P.R.1979), *rev'd in part,* 643 F.2d 835 (1st Cir.1981), *rev'd in part sub nom. Weinberger v. Romero-Barcelo,* 456 U.S. 305, 306, 102 S.Ct. 1798, 1800, 72 L.Ed.2d 91 (1982). Given this Navy right, the relationship of this evidence to the issues in the case is too tangential to require its admission.

■ The "beach mining" evidence, in appellants' view, shows "unclean" Navy hands. The district court, however, has wide latitude to compare the cleanliness of the parties' "hands." *Johnson v. Yellow Cab Transit Co.,* 321 U.S. 383, 387, 64 S.Ct. 622, 624, 88 L.Ed. 814 (1944). The court did not attach controlling significance to the claim that the Navy put mines on its own beaches. The court acted within its lawful powers in making this determination. And, the excluded evidence was therefore immaterial.

■ The "other remedy" evidence was cumulative at best. The court was aware of the Navy's ability to keep trespassers off its property through criminal prosecutions and other methods; the court was also aware of the Navy's problems in keeping these particular trespassers off its property. A court has power to enjoin a trespass if it would cause irreparable injury, or if there are *repeated* instances of trespassing, and a single injunction might forestall a "multiplicity" of legal actions. *Lucy Webb Hayes National Training School v. Geoghegan,* 281 F.Supp. 116, 117–18 (D.D.C.1967); *Potomac Electric Power Co. v. Washington Chapter of Congress of Racial Equality,* 210 F.Supp. 418, 419–20 (D.D.C.1962); *Miracle v. Jacoby,* 192 F.Supp. 907, 911 (W.D.Ark.1961).

The fact that the trespass may be punishable as a crime does not bar injunctive relief. *E.g., Cleveland v. Division 268 of Amalgamated Ass'n,* 85 N.E.2d 811, 815, 85 Ohio App. 153 (1949). Though a court of equity should be reluctant to enjoin the commission of a crime, out of concern for appellants' rights to the safeguards of criminal procedure, nonetheless injunctive relief is appropriate where "the prosecution of the criminal charge is not an adequate remedy, as when the conduct is creating a widespread public nuisance or a national emergency." 11 Wright & Miller, *Federal Practice & Procedure* § 2942 at 386–87 (1973); *see generally* Note, *Developments in the Law—Injunctions,* 78 Harv.L.Rev. 994, 1013–21 (1965). Here, the district court specifically found that the naval operations at Vieques are vital to the national defense of the United States and that appellants had interfered substantially with those operations on several occasions. In the circumstances revealed by this record, the court acted within the lawful limits of its power.

*Affirmed.*