H. ROBERT CLARKE & another *vs.* WILLIAM F. HEISEY. August 24, 1983. *Practice, Civil,* Appeal. *Medical Malpractice,* Tribunal. *Jurisdiction,* Action commenced in Federal court.

This medical malpractice action was brought in a United States District Court, Federal jurisdiction being based on diversity of State citizenship of the parties. In accordance with *Feinstein* v. *Massachusetts Gen. Hosp.,* 643 F.2d 880, 888 (1st Cir. 1981), the claim was referred on January 19, 1982, to the Superior Court by a Federal judge for hearing by a medical malpractice tribunal pursuant to G. L. c. 231, § 60B. A tribunal was convened and, after hearing, filed its report on April 29, 1982, determining that the material presented by the plaintiffs "is not sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry." The report also stated: "The Clerk shall send an attested copy of this report to the Clerk of the United States District Court for the District of Massachusetts for filing in the docket" of the action originally brought in the Federal court.

The plaintiffs did not file the bond required by G. L. c. 231, § 60B, and no judgment entered in the Superior Court. That court, of course, could not dismiss an action brought in the Federal court. The plaintiffs, nevertheless, filed a notice of appeal from the tribunal's order and the appeal was docketed in this court.

At a hearing on June 3, 1983, this court indicated, citing *Feinstein* v. *Massachusetts Gen. Hosp.,* at 890 & n.15, and *Austin* v. *Boston Univ. Hosp.,* 372 Mass. 654, 659-660 (1977), that any further proceedings belonged in the Federal court. The parties requested and were given an opportunity to brief that question; the time for such briefing was extended because of a hearing scheduled in the Federal court.

The Federal judge has now issued a memorandum dated July 28, 1983, stating that there will be an opportunity for review in that court. Although the plaintiffs have asked us to defer dismissing the appeal, we

conclude the appeal must be dismissed. It is for the Federal judges and not this court to determine the "question of Federal law," concerning "the extent to which the provisions of G. L. c. 231, §§ 60B-60E, should be applied in medical malpractice actions pending before them." *Austin* v. *Boston Univ. Hosp.*, 372 Mass. at 659. The tribunal's order properly has been transmitted to the Federal court and there is no judgment before us to review. Accordingly, the appeal is dismissed.

*So ordered.*

*William H. Shaughnessy* for the plaintiffs.
*Richard A. Zucker* for the defendant.