MORNELL DENTON, administratrix, & another[1] vs. BETH ISRAEL HOSPITAL.

Suffolk.    March 8, 1984. — June 21, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Medical Malpractice,* Tribunal, Bond.

The plaintiff in a medical malpractice action was entitled to decline to present an offer of proof to a medical malpractice tribunal pursuant to G. L. c. 231, § 60B, without incurring dismissal of the action. [279-280]

Where a nonindigent plaintiff in a medical malpractice action declines to present an offer of proof to a medical malpractice tribunal pursuant to G. L. c. 231, § 60B, a judge may, in his discretion, fix the statutory bond in an amount sufficient to cover all costs which the defendant is likely to incur in defending the action. [280-281]

Where the plaintiff in a medical malpractice action declines to present an offer of proof to a medical malpractice tribunal pursuant to G. L. c. 231, § 60B, a judge should not reduce the $2,000 statutory bond on the ground of indigency. [280-281]

CIVIL ACTION commenced in the Superior Court Department on February 15, 1983.

Following a hearing by a medical malpractice tribunal, a motion for reduction of bond was heard by *Linscott,* J.

A request for leave to take an interlocutory appeal was allowed in the Appeals Court by *Grant,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Craig M. Brown* for the defendant.

*Philip J. Crowe, Jr.* (*Elizabeth N. Mulvey* with him) for the plaintiffs.

HENNESSEY, C.J. This case presents certain issues regarding our medical malpractice tribunal statute, G. L. c. 231,

---

[1] Annett Carol Wilkinson, by her guardian, Mornell Denton.

§ 60B.[2] The plaintiffs brought an action for the wrongful death and conscious pain and suffering of one Hope Wilkinson. The defendant requested that a medical malpractice tribunal be convened pursuant to § 60B. On the day before the tribunal was scheduled to sit, the plaintiffs informed the judge of their intention to "waive" the tribunal. At the tribunal hearing, the plaintiffs declined to make an offer of proof. The tribunal found for the defendant, and the presiding judge ordered the plaintiffs to post a bond of $2,000 in order to proceed with the action.

The plaintiffs thereafter moved for a reduction of bond on the ground of indigency. Over the defendant's objection, a judge of the Superior Court (not the judge who presided over the tribunal) "excused" the plaintiffs from posting a bond. A single justice of the Appeals Court allowed the defendant's request for leave to take an interlocutory appeal. We allowed the defendant's application for direct appellate review. We vacate the order of the Superior Court judge.

---

[2] General Laws c. 231, § 60B, inserted by St. 1975, c. 362, § 5, provides in pertinent part: "Every action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwealth under the provisions of section two of chapter one hundred and twelve and an attorney authorized to practice law in the commonwealth, at which hearing the plaintiff shall present an offer of proof and said tribunal shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result.

". . . .

"If a finding is made for the defendant the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of two thousand dollars secured by cash or its equivalent with the clerk of the court in which the case is pending, payable to the defendant for costs assessed, including witness and experts fees and attorneys fees if the plaintiff does not prevail in the final judgment. Said single justice may, within his discretion, increase the amount of the bond required to be filed. If said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed. Upon motion filed by the plaintiff, and a determination by the court that the plaintiff is indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof."

We note at the outset that there was nothing in the record upon which the judge could base a finding that the estate or the ward is indigent. The action is prosecuted by Mornell Denton in her fiduciary capacities as administratrix and guardian. Yet the affidavit of indigency, upon which the judge based his determination, relates to Denton's personal financial circumstances. However, because this issue was not raised by objection of the defendant, we turn to the more substantial issue: the "waiver" of the tribunal hearing by the plaintiffs.[3]

The defendant principally contends that, even if a proper showing of indigency had been made, it was error for the judge to reduce the bond after the plaintiffs had "waived" the hearing. The defendant argues that it was error for the tribunal to let the plaintiffs' case proceed at all, that the appropriate remedy for a plaintiff's failure to present an offer of proof is dismissal of the case. We disagree with this contention.

Because the statute states that "the plaintiff *shall* present an offer of proof," (emphasis added) but does not specify the consequences of failure to do so, the defendant suggests a rule that a plaintiff must present a "minimally adequate" offer of proof to avoid dismissal. Even aside from the difficulty of articulating and applying an appropriate standard, however, we see no purpose which would be served by the proposed rule. Any standard would have to be much less exacting than the directed verdict standard which a plaintiff must meet in order to prevail at a tribunal

---

[3] Also, because we dispose of this appeal on the waiver issue, we need not construe the part of G. L. c. 231, § 60B, which provides that the judge "may reduce the amount of the bond but may not eliminate the requirement thereof." This provision seems to require that at least a nominal bond be required of even an indigent plaintiff. We do not decide whether this provision forbids a reduction of the bond to zero in a case in which a plaintiff has absolutely no funds, as when the only asset of a plaintiff estate is the cause of action on which it is suing. Nor do we address the defendant's contention that, because we have indicated that the statutory definition of indigency set forth in G. L. c. 261, § 27A, is to be used in making an indigency determination under G. L. c. 231, § 60B (see *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 653 n.10 [1977]), the procedures set forth in G. L. c. 261, §§ 27B and 27C, should be followed in making that determination. We do note that those procedures, in so far as they are applicable, may be helpful to the judge in making determinations as to indigency.

hearing and proceed free of bond. See *Little* v. *Rosenthal,* 376 Mass. 573 (1978). To require a plaintiff who is willing to post the bond to go through the motions of presenting an offer of proof sufficient to meet such a lesser standard, without any hope or intention of meeting the directed verdict standard, would result only in a waste of time.[4]

The legislative purpose of discouraging frivolous claims can be better served under the terms of the statute than by our creating some intermediate standard which must be met in order to avoid dismissal. The statute provides that the judge who presides over the tribunal "may, within his discretion, increase the amount of the bond required to be filed." If a plaintiff declines to make an offer of proof, then the judge may assume that the plaintiff's claims are entirely frivolous. In that case, the judge may, without abusing his discretion, increase the bond to an amount calculated to cover all the costs which the defendant is likely to incur in defending the suit, including attorneys' fees. In setting the amount of the bond the judge may consider, among other factors, that discovery is an ancillary purpose of the tribunal hearing, and the judge may properly consider the extra cost, if any, to a defendant, caused by the lost opportunity for discovery.

The bond requirement, however, cannot deter frivolous suits by indigents if they are entitled to have the bond reduced to an amount commensurate with their ability to pay. The statutory provision for reduction of bond is intended to avoid constitutional problems arising from denying to indigents access to the legal system. See *Paro* v. *Longwood Hosp.,* 373 Mass. 645, 652-653 (1977). However, even assuming that the constitutional principle applies to medical malpractice suits, the pro-

---

[4] Because we decide that a plaintiff may, in effect, "waive" the tribunal by declining to present an offer of proof, we will permit, and indeed we encourage, a plaintiff who wishes to do so to waive the tribunal proceeding by filing appropriate notice with the court. This procedure will avoid the waste of resources entailed in assembling a tribunal that will have no function. Upon a waiver by the plaintiff, the judge may enter a finding for the defendant as to the tribunal proceeding. Compare *Broadard* v. *Hubbard Regional Hosp.,* 388 Mass. 1012 (1983) (judge may not alone make finding for the plaintiff as to the tribunal proceeding).

tection is limited to situations in which there is no alternative to judicial action. See *United States* v. *Kras,* 409 U.S. 434, 443-446 (1973); *Paro* v. *Longwood Hosp., supra.* Here, the plaintiffs have the alternative of presenting an offer of proof to the tribunal; a plaintiff who declines to make such an offer can only be said to have assumed voluntarily the financial burden of the bond.

In sum, in order that the statutory purpose of weeding out groundless claims shall be accomplished, the judge may in his discretion, in the event of a waiver by the plaintiff, set the amount of the bond above $2,000. In the case of an indigent plaintiff, the judge should not reduce the bond below $2,000 unless the plaintiff has made a good faith effort to present an offer of proof sufficient to meet the directed verdict standard.[5]

The order excusing the plaintiffs from posting a bond is vacated and the case is remanded to the Superior Court. The plaintiffs are to be given another opportunity to present an offer of proof to a tribunal. Any further proceedings are to be consistent with this opinion.

*So ordered.*

---

[5] For this reason, any reduction of bond must, in accordance with the terms of the statute, be made by the judge who presides at the tribunal. In the instant case, the defendant did not object to, nor does it now complain of, the fact that the judge who granted the plaintiffs' motion was not the judge who presided over the tribunal.