Carol PALLAZOLA, Administratrix of
the Estate of Betty Ann
Michaud, Plaintiff,

v.

Carolyn RUCKER, R.N., June Pickering
Nurses Registry, Lynn Hospital, Mi-
chael Schwartz, M.D., Eugene Smith,
M.D., Charles Peters, M.D., and Guen-
ther Herpfer, M.D., Defendants.

Civ. A. No. 80–2605–K.

United States District Court,
Massachusetts.

Aug. 7, 1984.

On Motion to Review Sept. 28, 1984.

Order Feb. 20, 1985.

Ann Marie Maguire, Andrew C. Meyer,
Jr., Lubin & Meyer, Boston, Mass., for
plaintiff.

Raymond Kenney, Jr., Clement McCar-
thy and Daniel Griffin, Boston, Mass., for
Eugene Smith, M.D.

Barbara Hayes Buell, Bloom & Buell,
Somerville, Mass., for Schwartz.

Richard L. Fox and John Britt, Carragh-
er, Fox & Lampert, Chelmsford, Mass., for
Rucker.

Ropes & Gray, John C. Kane, Jr., Boston,
Mass., for Pickering.

Edward McCarthy, McCarthy & Keane,
Cambridge, Mass., for Guenther Herpfer,
M.D. and Lynn Hosp.

Craig M. Brown, Melick & Porter, Boston, Mass., for Charles Peters, M.D.

Wilson D. Rogers, Jr., Dunn & Rogers, P.C., Boston, Mass., for Lynn Hosp.

KEETON, District Judge.

The original complaint in this case, filed in November 1980, alleged claims of professional malpractice against all defendants, as well as claims against some that arguably sound in negligence other than malpractice. Numerous extensions of time were allowed, with the consent of defendants who had been served, because of difficulties encountered in locating and serving other named defendants. Plaintiff was allowed leave to amend in April 1983. Answers were filed on June 1, 1983, by defendant Pickering, on July 29 by defendants Herpfer and Lynn Hospital, on August 23, 1983, by defendant Peters, on September 9, 1983, by defendant Smith, on November 4, 1983, by defendant Jaffe (formerly Rucker), and on November 21, 1983, by defendant Schwartz. All defendants moved that claims against them be referred to a malpractice tribunal convened by the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts. *See* Mass.Gen.Laws Ann. ch. 231, § 60B (West Supp.1984); *Feinstein v. Massachusetts General Hospital,* 643 F.2d 880 (1st Cir.1981); *Austin v. Boston University Hospital,* 372 Mass. 654, 363 N.E.2d 515 (1977). After delay incident to a dispute as to whether some of the claims were of a type subject to being referred to a malpractice tribunal, this court entered an order referring plaintiff's claims against all defendants to the tribunal. The tribunal entered an order in favor of three defendants (Dr. Peters, Dr. Michael Schwartz, and June Pickering Nurses Registry) and in favor of plaintiff against the remaining four defendants. As a prerequisite to proceeding against each of the three defendants for whom it decided, the tribunal ordered that plaintiff post a cash bond of $2,000 per defendant within thirty days. This order was dated April 12, 1984.

On April 17, 1984, plaintiff filed in the superior court a motion to reduce the amounts of the three bonds to be posted, presenting it for hearing before the single justice who presided over the tribunal. Mass.Gen.Laws ch. 231, § 60B declares in relevant part:

Said single justice may, within his discretion, increase the amount of the bond required to be filed. If said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed. Upon motion filed by the plaintiff, and a determination by the court that the plaintiff is indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.

On May 11, 1984, the single justice made a temporary order (explicitly stating that it would apply only until completion of his consideration of the motion to reduce) reducing each bond to $25. On the same day, May 11, 1984, plaintiff's counsel delivered to the clerk of this court a check in the amount of $75 to serve as cash bonds of $25 each as to defendants Peters, Schwartz, and June Pickering Nurses Registry. Thereafter, on May 14, 1984, the single justice of the superior court vacated his order of May 11 and reinstated the previous order requiring that plaintiff post bonds of $2,000 per defendant. Plaintiff has not posted such bonds.

On May 3, 1984, plaintiff moved in this court for reconsideration of the adverse findings of the medical malpractice tribunal entered April 12, 1984. This motion was heard orally on May 10, 1984, and a schedule for submission of briefs was established.

On May 18, 1984, plaintiff moved in this court for reconsideration of the single justice's actions on plaintiff's motion to reduce bonds.

Extensions of times earlier set for briefing of the May 3 motion (for reconsideration of the tribunal's findings) were allowed, and at a conference with counsel on July 25, 1984, the court required final submissions on that motion to be filed on or

before July 27, 1984. At that conference it was understood that further submissions on the May 18 motion (for reconsideration of the single justice's denial of reduction of the bonds) might be deferred pending action by this court on the May 3 motion. I turn to plaintiff's May 3 motion for reconsideration of the tribunal's adverse findings.

## I.

■ A threshold question concerns when and where the malpractice tribunal's ruling is reviewable when the case is pending in a United States district court. When this question was before me in another case, and in a somewhat different context, I held in an unreported opinion that even though in the state system the judge to whom the case is assigned for trial or other disposition does not review the tribunal's decision, applicable federal procedural law requires that this claim of error be heard first by the United States district court before an appealable judgment is entered rather than being first considered by a United States court of appeals. Defendants Peters, Schwartz and Pickering argue both that this ruling was incorrect and, in any event, that in the particular circumstances of this case the review sought by plaintiff should be allowed only in the Court of Appeals for the First Circuit. They argue that the only proper order for this court to enter as to defendants who prevailed before the tribunal is one of dismissal.

That plaintiff is entitled to a review of the tribunal's determination is not disputed. A dispute has arisen in the present case, however, as to the standard of review. I turn first to that issue since resolving it eliminates the need for considering some of the arguments advanced by the parties as to where review may or must occur.

Under Massachusetts law, the tribunal decides only whether the evidence proffered by the plaintiff is sufficient to show a prima facie case. The standard of judgment the tribunal is required to apply is the same as the standard a trial judge applies in considering a motion for directed verdict.

*See, e.g., Denton v. Beth Israel Hospital,* 392 Mass. 277, 279–80, 465 N.E.2d 779, 781 (1984); *Little v. Rosenthal,* 376 Mass. 573, 578, 382 N.E.2d 1037, 1041 (1978). Given this standard, any review to determine whether the tribunal erred must necessarily be based upon the proffer before the tribunal. Additional proof, adduced before the reviewing court by affidavit or otherwise but never brought to the attention of the tribunal, cannot properly be considered in determining whether the tribunal erred. To hold otherwise would undercut manifest objectives of the statute. *Cf. Denton v. Beth Israel Hospital,* 392 Mass. at 280, 465 N.E.2d at 782 ("discovery is an ancillary purpose of the tribunal hearing").

A right to review in the state system, to determine whether the tribunal erred in applying the directed verdict standard, is a right of such nature and substance that, under the principles and policies underlying the Rules of Decision Act, 28 U.S.C. § 1652, and the doctrine announced in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), it applies also in cases pending in this court. *Cf. Feinstein,* 643 F.2d at 883–87.

As to claims of malpractice pending in the superior court, a plaintiff is entitled to have a claim of tribunal error reviewed only in the appellate court—after trial if plaintiff elects to file a bond, and after dismissal by the superior court if no bond is filed. The apparent reason that, in the state system, the review first occurs on appeal is that a state trial judge has already expressed judgment on the matter as the presiding officer of the tribunal. In the federal system, on the other hand, were this court to decline to review the claim of error of the tribunal, the Court of Appeals for the First Circuit, on appeal from an order of this court, would hear arguments on an issue not previously considered by this court.

Defendants argue that I should nonetheless decline to review the claim of tribunal error because, first, defendants have a right under state law to a judgment of dismissal when a required bond is not filed,

and, second, under *Erie* and *Feinstein* this is a substantive right that applies as well in federal courts to preclude any review of tribunal error before a judgment of dismissal has been entered. Their argument proceeds on both jurisdictional and policy grounds.

The jurisdictional argument is that once a judgment of dismissal has been entered, the trial court loses jurisdiction and therefore cannot provide the review to which the plaintiff is admittedly entitled. It must then be provided, the argument goes, in the court of appeals. This argument lacks merit. In the first place, if this court enters an order of dismissal against defendants Peters, Schwartz, and June Pickering Nurses Registry, before trial of the remaining claims, it will be an interlocutory order, not appealable until some further action is taken—entry of an order under Rule 54(b), or entry of a final judgment as to all claims, or entry of a certification under 28 U.S.C. § 1292(b).

Even during an appeal a federal trial court in this circuit has continuing jurisdiction to act in aid of the appeal. That jurisdiction is quite limited, *Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39 (1st Cir.1979), and in view of other grounds of decision, I need not determine whether it would extend to the present circumstances.

Independently of the foregoing points, I reject the suggestion that important issues should be governed by the unstated premise of defendants' argument—that "dismissal" implies loss of jurisdiction and that when an order of "dismissal" is entered one must, to be logical, derive from "dismissal" the consequence that the dismissing court has no power to perform any further function in the case. This is a classic illustration of misuse of derivative reasoning—applying it without evaluating the implicit unstated major premise from which the result is logically derived. In so stating I do not denigrate the important role of logic in judicial decisionmaking. Rather, I emphasize the contribution of informative reasoning that uses logic to illumine choice and improves decisionmaking by aiding the court to understand the implications of each of the opposing premises, stated or unstated, that the arguments of opposing advocates claim to be authoritative.

I turn to other arguments advanced by defendants, which do focus upon grounds for the premise that a federal trial court either cannot or should not review tribunal error. Putting aside the distracting terminology of "dismissal" in which defendants prefer to cast the argument, we may rephrase one aspect of the defendants' contention in this way: When a plaintiff fails to win before the tribunal, under Massachusetts law plaintiff is forced to elect either to file a bond (in which case the claim may proceed to trial, and review of plaintiff's claim of tribunal error will be deferred until appeal from judgment after trial) or to stake all on the claim of tribunal error (since dismissal will then be entered in the trial court, and if the claim of tribunal error is not sustained on appeal, the opportunity to file a bond and proceed with the claim will have been forfeited). Forcing this election on the plaintiff was central to the legislative objective of discouraging frivolous claims. The underlying policies of the Rules of Decision Act and *Erie* require that federal courts enforce the terms of this election upon plaintiffs whose cases are pending in the federal courts under diversity jurisdiction. So stated, this aspect of defendants' argument is compelling. I conclude that it has merit. Thus, I am not permitted to engage in review of the claim of tribunal error in such a way that plaintiff is relieved of the burden of this election that the Massachusetts malpractice tribunal law imposes.

It does not follow, however, that I must do no more than enter an order of dismissal, with the consequence that the first review of tribunal error in this case will occur in the Court of Appeals for the First Circuit. Rather, after first ruling that dismissal will occur should the claim of tribunal error be rejected, and holding that plaintiff will not then have a second oppor-

tunity to post a bond, I may review the claim of tribunal error without in any way impairing the incentive against frivolous claims that the Massachusetts legislation provides.

■ Defendants argue, as well, that Massachusetts law provides for panel decisions and not single-justice decisions both at the tribunal level and at the appellate level. The reason for requiring a panel rather than action by the single justice at the tribunal level, however, is that the statute "contemplates that the judge may be aided by the insights of a health care professional and an attorney." *Broadard v. Hubbard Regional Hospital*, 388 Mass. 1012, 446 N.E.2d 405, 406 (1983). That point has no bearing on whether a panel of justices (or judges) or a single justice (or judge) should hear the contention that the tribunal erred as a matter of law. Moreover, the Massachusetts decisions allowing review only at the appellate level for tribunal error are not derived from any special provision of Mass.Gen.Laws ch. 231, § 60B. Indeed that statute says nothing at all on this subject. The procedure derives instead from rules generally applicable to civil litigation. Those rules are less likely to occupy such an integral role in the operation of the malpractice tribunal law as to fall within the underlying policies of the Rules of Decision Act and *Erie*.

Defendants argue also that to allow review of alleged tribunal error by the trial court in the federal system gives plaintiffs two chances to win on review in the federal system in contrast with only one chance— in the appellate court—in the state system. One weakness of this argument is that it overlooks the point that a defendant, too, has two chances if review occurs first in the trial court in the federal system. That is, if a defendant loses before the federal trial judge, defendant has a second chance on appeal. A second difficulty with this argument against review in the federal trial court is its implicit premise that the limitation in the state system to review on appeal is a core element of the malpractice

tribunal law. As noted above, ch. 231, § 60B says nothing at all on this subject.

The final defense argument that I consider is the contention that Massachusetts law denies appeal from a tribunal decision on an interlocutory basis, and that review by the trial court in the federal system could produce an outcome inconsistent with this rule of Massachusetts law. This argument—rather like the argument noted above that a trial court must order "dismissal" and then lacks jurisdiction to do more—depends more on terminology than on substantive content. Insofar as it seeks the substantive advantage of imposing an election on the plaintiff, that can be accomplished, as already noted, without deferring review to the appellate level of the federal system in contravention of the usual federal practice that, except in certain well-defined instances, the court of appeals considers no contention that was not first presented in the trial court. Moreover, even if the federal trial court reviews and then enters either an order of dismissal (if no tribunal error is found) or an order striking the requirement of a bond (if the tribunal erred as a matter of law), it is not an apt description of what has occurred to call it review on an "interlocutory" basis. Indeed, the policies against piecemeal adjudication that underlie constraints upon interlocutory appeals are likely to be better rather than less well served if the federal trial court hears and promptly determines the claim of tribunal error as a matter of law rather than passing it on, without considering its merits, to the court of appeals.

I conclude that the rule of law determining whether, in cases pending in federal courts, the claim of tribunal error will be first heard in the district court or instead on appeal to the Court of Appeals for the First Circuit is "procedural" rather than "substantive" in the *Erie*-related sense. The Massachusetts rule as to where the claim of error is first heard concerns "merely a form and mode" of according the right of review and is "not a rule intended to be bound up with the definition of the rights and obligations of the parties," *Byrd v. Blue Ridge Rural Electric Cooperative*,

356 U.S. 525, 536, 78 S.Ct. 893, 900, 2 L.Ed.2d 953 (1958), and does not "bear substantially on the question whether the litigation would come out one way in the federal court and another way in the state court if the federal court failed to apply" the particular state rule, *id.* at 536–37, 78 S.Ct. at 900–01. Thus, federal procedural law applies. I conclude that federal procedural law requires that the claim of error be heard by the district court before entry of final judgment. *Cf. United States v. Zenon,* 711 F.2d 476, 478 (1st Cir.1983) (citing precedents against consideration of points first argued on appeal). *See also Feinstein,* 643 F.2d at 890 n. 15, *citing Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir.1979).

In summary, if after review it is determined that the tribunal's decision was erroneous as to a particular defendant, plaintiff is entitled to proceed to trial without posting a bond. If the tribunal decision was not erroneous, this action must be dismissed as to the defendants who prevailed before the tribunal.

## II.

Given the posture of this case arising from proceedings incident to plaintiff's motion for reduction of the amounts of the bonds required as to claims against the defendants Peters, Schwartz and June Pickering Nurses Registry, another question is presented: Is there a right of review in a federal trial or appellate court of the single justice's denial of the motion for reduction? If so, must that review occur— either in this court or on appeal—before review of the claim of tribunal error?

It appears likely that in the state system the only available review of a single justice's denial of a motion to reduce bond is on appeal. *Denton v. Beth Israel Hospital,* 392 Mass. 279–81, 465 N.E.2d at 781–82. My tentative view is that, in the federal system, for reasons virtually identical to those stated in part I above, a review to determine whether the single justice acted contrary to law or in abuse of discretion should occur first in this court rather than

on appeal. This issue, however, was not among those as to which it was understood at the conference of July 25, 1984, that all briefs were due on or before July 27, 1984. Before ruling on this issue, I will allow further submissions by all parties, simultaneously, on or before August 20, 1984, with simultaneous responses thereto on or before August 27, 1984.

## ON MOTION TO REVIEW

█ The Memorandum and Order of August 7, 1984, allowed time for further submissions as to whether this court should act on plaintiff's request for review of the single justice's denial of plaintiff's motion to reduce bonds. The time for submissions, as extended, having expired, and the court having determined that they do not show cause for a ruling different from the tentative view stated in the last paragraph of that memorandum, it is ORDERED:

(1) Plaintiff's request that this court review the single justice's denial of plaintiff's motion to reduce bonds is allowed.

(2) Hearing on review of the tribunal's decision and hearing on review of the single justice's denial of the motion to reduce bond is scheduled for *Wed., November 14,* at *4:30 pm.*

## ORDER

█ The court having reviewed the decision of the malpractice tribunal in favor of defendants Peters, Schwartz, and June Pickering Nurses Registry and having concluded that it was not erroneous, and having reviewed the decision of the single justice denying plaintiff's motion to reduce bonds, and having concluded that it was not erroneous and did not constitute an abuse of discretion, and the plaintiff having failed to file bonds within the time prescribed by law, it is therefore, for the reasons stated in the Memorandum of August 7, 1984, ORDERED

This action is dismissed as to defendants Peters, Schwartz, and June Pickering Nurses Registry.