Gelinas, J.
Frank Lanza, plaintiff, a prisoner at NCCI (Gardner) and at all times appearing “pro se,” filed a complaint in Superior Court for medical malpractice. A medical malpractice tribunal, convened by a Superior Court Justice pursuant to M.G.Lc. 231, §60B, ruled adverse to the plaintiff.
This report comes to us as an interlocutory report by the trial justice under the provisions of Dist./Mun. Cts. R. Civ. R, Rule 64(d); the report does not incorporate the pleadings and other court documents by reference although defendant’s brief supplies several related documents as appendices. These appendices purport to be copies of Superior Court dockets and orders, and we have no reason to doubt that they accurately reflect proceedings in the Superior Court Department. They reveal the following relevant information with respect to the course of the case in Superior Court:
Adverse Report of medical tribunal dated September 28,1993, copies mailed October 1,1993. (Defendant’s brief, Appendix— 6)
Notice dated October 3,1993 of docket entry indicating adverse tribunal report entered on the docket September 28, 1993, copies mailed on October 1,1993. (Defendant’s brief, Appendix — 4)
Order of Transfer (remand) to Gardner Dist/Mun (sic) Court dated November 3, 1993, and dated November 3, 1993. (Defendant’s brief, Appendix — 7)
Motion to Waive Appeal Bond dated November 11,1993. (Defendant’s brief, Appendix — 8)
Motion to Waive Appeal Bond dated November 22,1993. (Defendant’s brief, Appendix — 9)
The matter was remanded by the Superior Court to the Gardner District Court on November 3, 1993. On November 11, 1993 plaintiff filed a motion and affidavit in the Superior Court Department to waive any appeal bond. The Superior Court returned the motion and affidavit to plaintiff on November 12, 1993. Plaintiff subsequently filed a similar motion, ultimately allowed by a District Court Judge, in the Gardner District Court. The judge concurrently allowed plaintiff’s motion for monies, limited to $1,500, to hire a medical expert, and denied defendant’s motion to dismiss.
From the foregoing, and from information in the judge’s report suggesting that *54 plaintiff filed an appeal of the tribunal’s finding in Superior Court Department on October 5, 1993, indicating receipt of the notice of the adverse finding by the tribunal prior to that date, it appears that dismissal in Superior Court rather than remand should have occurred on November 3, 1993.
Complaints for medical malpractice are governed by M.G.Lc. 231, §60B, whose avowed purpose is to provide a “screening procedure and bond requirement (that) would discourage frivolous medical malpractice claims, thus reducing losses to insurance companies and enhancing likelihood of future availability of coverage,” Paro v. Longwood Hospital, (1977) 369 N.E.2nd 985, 373 Mass. 645. The bond requirement is mandatory and may not be eliminated although the bond amount may be increased or reduced, and any such action on the bond must be taken by the justice who presided at the tribunal, M.G.L.c. 231, §60b, Denton v. Beth Israel Hospital, 465 N.E.2nd 779, 392 Mass. 277.
The action must be dismissed if the requisite bond is not filed within 30 days of the tribunal’s decision, M.G.L.c. 231, §60B. The thirty day period begins to run when the tribunal’s decision has been docketed and notice of it has been sent to plaintiff, M.G.L.c. 231, §60B; Gale Hanley v. M.L. Polanzak, et al., 393 N.E.2nd 419, 8 Mass. App. Ct. 278, in this case, on October 1, 1993. The word “shall” in M.G.L.c. 231, §60B, providing that medical malpractice action “shall be dismissed,” should be construed in its imperative sense, Gale Hanley v. M.L. Polanzak, et al., supra. No bond having been filed and no action having been taken by the Superior Court Judge presiding at the tribunal in the requisite time period, it appears that mandatory dismissal should have occurred at the expiration of 30 days from October 1, 1993, and accordingly we vacate the District Court judge’s allowance of the motion to waive tribunal bond, the motion for funds to hire a medical expert, and his denial of defendant’s motion to dismiss, and order the case dismissed.
We are mindful that plaintiff is a prisoner of a Massachusetts Correctional Institution, has appeared “pro se” throughout this case and was not brought before the Appellate Division when oral argument was presented. We are further mindful that the docket of the Gardner District Court, part of the record before us, reveals that plaintiff filed two motions in the Gardner District Court after the allowance of this report, one a motion for appointment of counsel and one a motion for speedy trial. These motions were not forwarded to the Appellate Division as required by Dist./ Mun. Cts. R. Civ. E, Rule 64(c)(5). Given the clear mandate of dismissal as required by M.G.L.c. 231, §60B and Gale Hanley v. M.L. Polanzak, et al., supra, failure to forward the motions for consideration is harmless. As no brief was filed by the plaintiff, he has no right to argue at the Appellate Division hearing, Dist./Mun. Cts. R. Civ. P., Rule 64(b), and thus his presence was not necessary, and any failure to provide for his presence before the Appellate Division is also harmless.
Decision allowing motion to waive tribunal bond and for monies to have medical expert and denying motion to dismiss vacated, and case ordered dismissed.