Brassard, J.
BACKGROUND
A medical tribunal was held in this court on June 11, 1998. The tribunal determined that there was insufficient evidence “to raise a legitimate question of liability appropriate for judicial inquiry” as to defendants Allen Parks (“Parks”) and Rocco Coviello (“Coviello”). Therefore, under M.G.L.c. 231, Sec. 60B, the plaintiff is required to post a bond in the amount of $6000.00 in order to pursue her claim.
The motion before the court is plaintiffs motion to reduce the bond amount on the ground that she is indigent. For the following reasons, the motion is DENIED.
DISCUSSION
“[A] judge may reduce, but not eliminate the bond if he or she determines that the plaintiff is indigent.” M.G.L.C. 231, Sec. 60B. Perez v. Bay State Ambulance, 413 Mass. 670, 677 (1992). The appropriate procedures for determining indigence under M.G.L.c. 231, Sec. 60B are set forth in M.G.L.c. 261, Secs. 27A-D. Perez at 678.
Even if it is determined that a party is indigent and has followed the proper procedures, the court may decline to reduce the bond if it determines that the offer of proof, construed most favorably to the plaintiff, could not support a verdict for the plaintiff. “If the judge determines that the offer of proof, ‘if construed most favorably to the plaintiff could not support a verdict for the plaintiff,’ Tosti v. Ayik, 394 Mass. 492, 491 (1985), then [the judge] may refuse to reduce the bond." Perez at 678. “In the case of an indigent plaintiff, the judge should not reduce the bond below [the statutoiy amount] unless the plaintiff has made a good faith effort to present an offer of proof sufficient to meet the directed verdict standard.” Denton v. Beth Israel Hospital, 392 Mass. 277, 281 (1984).
The plaintiff contends that she is indigent. In her affidavit dated June 25, 1998, she states that she is unemployed, receives social security disability income, has no assets and no means of obtaining the amount required to pay the bond. To the extent that this satisfies the indigence requirement of M.G.L.c. 261, Sec. 27A, the plaintiff still failed to provide the requisite form of affidavit of indigence as set forth in M.G.L.c. 261, Sec. 27B.
The defendants argue that even if the plaintiff is in fact indigent and complies with the requirements of M.G.L.C. 261, Sec. 27B, the court should not reduce the bond amount because the plaintiff has not made an adequate offer of proof.
The plaintiff has not provided an offer of proof sufficient to meet the directed verdict standard as to Parks and Coviello. No reasonable person would expend his or her own funds in pursuit of those claims.
ORDER
For the foregoing reasons, the plaintiffs motion to reduce the bond amount is DENIED.