SENAYA ZAYAS SANTANA CRUZ & another[1] *vs.* JAVED SIDDIQI. August 5, 2013. *Medical Malpractice,* Bond. *Negligence,* Medical malpractice. *Practice, Civil,* Bond, Judicial discretion. *Bond.*

The plaintiffs seek interlocutory review of the judge's order refusing to reduce the amount of the $6,000 bond they were required to file in order to pursue their medical malpractice claim against defendant Dr. Javed Siddiqi after a tribunal convened pursuant to G. L. c. 231, § 60B (§ 60B), determined that there was not sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry as to Siddiqi. The appeal was entered in the Appeals Court, and we then transferred the case to this court on our own motion. For reasons set forth in our decision in *Faircloth* v. *DiLillo, ante* 120

---

[1]Jocilene da Silva, Poliane Santos, Luiz Santos, Stenio Ferreira, and Glaucea de Olivera Santos.

[2]NECCS, Inc., doing business as System4 of Boston, LLC.

[1]Suleyka Zayas Santana, individually and as mother and next friend of Senaya Zayas Santana Cruz.

(2013) (*Faircloth*), we conclude that the judge abused his discretion where he denied the plaintiffs' motion based solely on his belief that plaintiffs' attorney was paying or advancing the court costs and expenses of litigation on behalf of the indigent plaintiffs, including the cost of the bond.[2]

*Background.* The plaintiffs, Senaya Zayas Santana Cruz and her mother Suleyka Zayas Santana, brought a medical malpractice action against a number of defendants allegedly involved with Senaya's prenatal care. As part of the plaintiffs' offer of proof before the tribunal, they submitted an opinion letter from Dr. Berto Lopez, wherein Lopez opined that Siddiqi "deviated from the prevailing professional standard of care in the treatment of [the plaintiffs] by failing to obtain informed consent from Suleyka, including but not limited to discussions concerning shoulder dystocia and permanent neurological injury to Senaya and the availability of alternative mode of delivery via cesarean section." The tribunal determined that the evidence in the offer of proof was insufficient to support a finding of liability as to Siddiqi. Pursuant to § 60B, the plaintiffs were informed that they had to provide a $6,000 bond to avoid dismissal of the claim. In response, the plaintiffs filed an emergency motion to reduce the amount of the bond, asserting that they were indigent and that "[f]ailing to lower the bond amount [would] result in the dismissal of this case against Dr. Siddiqi, thereby denying [p]laintiffs the right to have the case heard by a jury of their peers."

The judge, who was the same judge who participated in the tribunal and the same judge who issued the contested order in *Faircloth, supra,* found that the plaintiffs were indigent but denied the plaintiffs' motion solely because he believed that it was the plaintiffs' attorney, and not the plaintiffs themselves, who was paying the court costs and expenses of litigation incurred in pursuit of the plaintiffs' claim. Applying the exact same analysis he used in denying a similar motion to reduce the amount of the bond in *Faircloth, supra* at 123, the judge stated that he would "exercise [his] discretion and reduce the bond amount" if "there was in fact no agreement by plaintiffs' counsel to advance costs and expenses, and plaintiffs had in fact paid the filing and service fees, as well as expert witness and other costs and expenses, and [were] obligated under the fee agreement to pay plaintiffs' counsel all fees and costs in advance or upon their accrual."

*Discussion.* This case is governed by our decision in *Faircloth, supra* at 121-122, where we held that, in deciding whether to reduce the amount of a medical malpractice bond under § 60B, it is not relevant whether the plaintiffs' attorney is paying or advancing the court costs and expenses of litigation on behalf of the indigent client, including the cost of the bond. Rather, in exercising his or her discretion to determine whether or not to reduce the amount of such a bond, a judge should evaluate the reasonableness of the plaintiffs' continued pursuit of the action by determining whether the indigent plaintiff "made a good faith effort to present an offer of proof sufficient to meet the directed verdict standard," *Denton* v. *Beth Israel Hosp.,* 392 Mass. 277, 281 (1984), and "whether a [litigant] who is able to pay and was paying the expenses [herself], would consider the [bond] sufficiently important that [s]he would choose to obtain it." *Perez* v. *Bay State Ambulance & Hosp. Rental Serv., Inc.,* 413 Mass. 670, 678 (1992), quoting *Commonwealth* v. *Lockley,* 381 Mass. 156, 160 (1980).

---

[2]We acknowledge the amicus brief of the Professional Liability Foundation, Ltd.

Because the judge here denied the emergency motion to reduce the amount of the bond solely because he believed that the plaintiffs' attorney was advancing or paying the court costs and expenses of litigation, rather than on his evaluation of the plaintiffs' effort to present a sufficient offer of proof at the tribunal or the reasonableness of the plaintiffs' continued pursuit of their claim, the judge based his ruling on a legally erroneous standard and therefore abused his discretion.

*Conclusion.* We vacate the denial of the plaintiffs' emergency motion to reduce the amount of the bond, and we remand the matter to the judge for reconsideration of this motion consistent with both this decision and our decision in *Faircloth, supra.*

*So ordered.*

*Kenneth M. Levine* (*Sheila E. Mone* with him) for the plaintiffs.

*Chad P. Brouillard* for the defendant.

*John J. Barter,* for Professional Liability Foundation, Ltd., amicus curiae, submitted a brief.