NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12026

DERRICK WASHINGTON  vs.  MARYJO GAGLIANI.


May 12, 2017.


Supreme Judicial Court, Superintendence of inferior courts. Medical Malpractice, Tribunal, Bond. Appeals Court, Jurisdiction. Superior Court, Jurisdiction. Jurisdiction, Superior Court.


The petitioner, Derrick Washington, appeals from a judgment of a single justice of the county court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

In 2011, Washington commenced a medical malpractice action in the United States District Court for the District of Massachusetts against the respondent, Maryjo Gagliani, and several other individuals. Gagliani requested review by a medical malpractice tribunal pursuant to G. L. c. 231, § 60B, and the case was referred to the Superior Court in Suffolk County for that purpose. See Feinstein v. Massachusetts Gen. Hosp., 643 F.2d 880, 888 (1st Cir. 1981).[1] In its report issued in September, 2014, the tribunal determined that Washington's claim was not sufficient to raise a legitimate question of liability appropriate for judicial inquiry, and therefore found for Gagliani.

Washington then filed a motion in the Superior Court to reduce the amount of the bond that would be required for him to pursue his claim in the face of the adverse tribunal ruling, pursuant to G. L. c. 231, § 60B, sixth par. A judge in the

_____

[1] Maryjo Gagliani was the only defendant in the Federal court action to request a medical malpractice tribunal and is thus the only respondent here.

Superior Court denied that motion. Washington next filed in the Superior Court a notice of appeal that was dated October 19, 2014, and docketed on October 27, 2014. He sought to appeal to the Appeals Court from the tribunal's ruling.[2] The notice of appeal was never processed, however, i.e., no record was assembled in the Superior Court. Gagliani, for her part, filed a motion in the Superior Court to dismiss Washington's complaint for failure to post the bond. A judge in the Superior Court purported to allow Gagliani's motion on December 24, 2014, and a judgment of dismissal to that effect was entered on June 25, 2015. But see Clarke v. Heisey, 16 Mass. App. Ct. 976, 976 (1979) (similar procedural history; holding that Superior Court "of course, could not dismiss an action brought in the Federal court"). The matter was then transferred back to the Federal court.

Before the tribunal's report was officially sent back to the Federal court, the Federal action had already moved forward. After the tribunal issued its decision, Washington filed a motion in the Federal action in October, 2014, to stay the Federal proceedings pending his appeal in the State court. Gagliani, in turn, filed a motion in the Federal action in December, 2014, to dismiss the complaint against her on account of Washington's failure to post a bond. In March, 2015, Washington's motion to stay was denied and Gagliani's motion to dismiss was allowed. Washington nonetheless continued to take steps to pursue his appeal from the tribunal ruling to the Appeals Court. When he learned from the Appeals Court, in August 2015, that it had no record of his appeal, and that his case had been sent by the Superior Court back to the Federal court, he filed a petition for relief in the county court pursuant to G. L. c. 211, § 3, seeking to have his case reinstated in the Superior Court and to be permitted to proceed with his appeal to the Appeals Court from the adverse tribunal ruling.[3] A single justice denied the petition.

---

[2] When a medical malpractice action originates in the Superior Court and a tribunal finds against the plaintiff, the plaintiff has the option of declining to post the statutorily required bond, suffering the dismissal of the action, and then appealing to the Appeals Court to challenge the tribunal's ruling. See McMahon v. Glixman, 379 Mass. 60, 62-64 (1979).

[3] It is not entirely clear from the record before us, but it appears that Washington may not have realized that the matter had already been returned to the Federal court.

Specifically, in his G. L. c. 211, § 3, petition, Washington sought relief from the Superior Court's "failure to docket and recognize his appeal of" the tribunal's ruling. At that point, however, the State courts no longer had jurisdiction over Washington's case. The Federal court had sent the case to the Superior Court for the sole purpose of convening the medical malpractice tribunal requested by Gagliani. See Feinstein, 643 F.2d at 885-887. After the tribunal issued its ruling, the proper place for Washington to proceed was in the Federal courts. See Clarke, 16 Mass. App. Ct. at 977. In the Clarke case, which involves a similar procedural history, after the tribunal had ruled in favor of the defendant, the plaintiffs did not file a bond and instead sought to appeal to the Appeals Court from the tribunal's ruling. Id. at 976. The Appeals Court dismissed the appeal, noting that once the tribunal had rendered its decision, "any further proceedings belonged in the Federal court." Id.

So too here. The Superior Court and the Appeals Court had no jurisdiction after the tribunal's ruling to act further with respect to that ruling. At most, the Superior Court might have had the authority to rule on Washington's motion to reduce the amount of the bond, but even that is questionable. See Pallazola v. Rucker, 602 F. Supp. 459, 460 (D. Mass.1984) (Superior Court judge who presided over tribunal denied plaintiff's motion to waive bond; plaintiff then moved in Federal court for reconsideration of tribunal ruling as well as for reconsideration of action on motion to reduce bond). The place for Washington to pursue his claims and to challenge the tribunal's ruling, if he wished to do so, was in the Federal courts. Indeed, as we have noted, the Federal court proceedings continued even as Washington was attempting to pursue his appeal to the Appeals Court.

Washington can receive the review to which he is entitled in the Federal courts. When the judgment in the Federal action becomes final,[4] he will have an opportunity to appeal from it and challenge the dismissal of his claim against Gagliani, just as he would have been entitled to do if the action had originated in the State court. In short, he has not been prejudiced by any of the events in the State courts that ensued after the tribunal issued its decision.

---

[4] It does not appear that any separate final judgment has entered as to Gagliani. See Fed. R. Civ. P. 54(b). The Federal action remains pending as to the other named defendants.

For these reasons, there was no error in the single justice's denial of Washington's G. L. c. 211, § 3, petition.

Judgment affirmed.

Derrick Washington, pro se.
Tory A. Weigand for the defendant.