[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is defendant Sturdy Memorial Hospital's "motion seeking application of Massachusetts law." In so moving the defendant asks the Court to resolve a legal issue of choice-of-law based upon undisputed facts. Accordingly, the proper procedural vehicle is that of a motion for partial summary judgment and the Court will treat defendant's motion as such.
Facts
Plaintiff, Clifford Farrell ("Farrell"), an eighty-two (82) year old man, and a Massachusetts resident, sustained injuries when he fell from an angiographic table at Sturdy Memorial Hospital in Massachusetts after being admitted for surgical day care on December 14, 1992. Dr. Leslie Cohen, a resident of Warwick, Rhode Island, was responsible for performing an arteriogram on Farrell.
Plaintiff filed a complaint in this Court seeking recovery for the injuries sustained and now argues for the application of Rhode Island law. Defendant argues in opposition that the substantive law of Massachusetts should govern the instant dispute. Thus, the issue before this Court is whether to apply the substantive law of Rhode Island or that of Massachusetts to the case at bar.
Choice of Law Analysis
It is well settled that Rhode Island has departed from thelex loci delicti theory of conflicts of law in tort cases in favor of a more modern and flexible interest-weighing approach.Woodward v. Stewart, 104 R.I. 290, 243 A.2d 917 (1968). Under this approach, modeled after the Restatement (Second) of Conflicts § 145(2), a Court considers four factors in resolving the threshold issue of whether a state has an interest in the controversy. The factors are as follows:
 (1) the place where the injury occurred
 (2) the place where the conduct causing the injury occurred
 (3) the domicile, residence, nationality, place of business of the parties; and
 (4) the place where the relationship, if any, between the parties is centered.
Brown v. Church of Holy Name of Jesus, 105 R.I. 322, 326-27,252 A.2d 176, 179 (1969).
In applying the four factors to the facts of the instant dispute, it is clear that factors 1, 3, and 4 refer entirely to Massachusetts. Only the third factor involves a Rhode Island contact, that being the Rhode Island residence of Dr. Leslie Cohen. However, the Massachusetts residence of the plaintiff, together with the Massachusetts location of the defendant hospital outweigh any importance the Rhode Island contact may have. Moreover, the residence of Dr. Cohen must be viewed in light of the fact that Dr. Cohen was a staff member of the Massachusetts hospital and was licensed to practice medicine in Massachusetts. In this sense, Dr. Cohen's Rhode Island residence had little, if any, connection to the plaintiff's injuries making this contact truly fortuitous. An examination of three Rhode Island Supreme Court opinions will be helpful in determining how to analyze more thoroughly the above factors to identify the jurisdiction with the more significant relationship to the dispute.
In departing from the strict lex loci delicti theory of conflicts of law which selects the place of the tort as the source of substantive law, Rhode Island recognized almost twenty-five (25) years ago that the application of such an inflexible rule would sometimes produce a result offensive to notions of fairness and predictability. Woodward, 243 A.2d 917
(R.I. 1968). In Woodward, Rhode Island residents whose automobile trip started and was to end in Rhode Island were involved in an accident occurring in Massachusetts. The car had ventured into Massachusetts on Interstate Route 195 after leaving Newport and returning to Barrington. Route 195 provided a convenient route between the two Rhode Island communities and for a short section crossed over Massachusetts. It was on this briefly extraterritorial section of the highway where the Barrington bound car collided with another car operated and owned by Rhode Island residents.
Plaintiff's decedent, a passenger in the first car, sued the driver of the first car in Rhode Island under Rhode Island's wrongful death statute. The trial judge applied the lex locidelicti theory of conflicts of law and dismissed the case on the pleadings. In applying the interest factors, on appeal the Rhode Island Supreme Court stated:
 All the interest factors, other than the fortuitous locus of the accident, point to the application of Rhode Island law. All the parties involved were Rhode Island residents, their trip started in Rhode Island and was to end in Rhode Island, the guest-host relationship arose in Rhode Island and suit was commenced in Rhode Island. Massachusetts, therefore, would appear to have no interest in the outcome of this case other than how it might impinge on that commonwealth's determination of what constitutes negligent operation of motor vehicles on its highways.
Woodward, 243 A.2d at 923.
Less than one year later the Rhode Island Supreme Court addressed another wrongful death appeal involving a Rhode Island resident who had died in Massachusetts while on an outing conducted under the auspices of a Rhode Island church. Brown,252 A.2d 176 (R.I. 1969). Again the Court departed from the lexloci delicti rule and applied Rhode Island law. In so ruling the Court stated in regard to the four interest factors.
 [w]here contacts (a) and (b) are the only ones pointing to the law of another state, and contacts (c) and (d) point so strongly to the application of our law, the law of this state will be applied in resolving the issues in conflict if called by the application of the Woodward guidelines.
Having resolved the threshold issue by finding that Rhode Island did have an interest in the controversy, the Court went on to employ a subsequent five factor analysis first adopted inWoodward.
More recently, our Supreme Court employed the four factor threshold analysis in resolving a conflict between Rhode Island and Massachusetts laws regarding auto insurance. Blais v.Aetna, 526 A.2d 854 (R.I. 1987). The Blais case involved an accident between a Rhode Island insured and a Massachusetts insured which occurred in Massachusetts and raised a conflict on the issue of whether the Massachusetts driver was "uninsured" for the proposes of addressing the Rhode Island insured's claim against his own uninsured motorist coverage. Our Supreme Court applied the Massachusetts statute which compelled the denial of the claim. In support of this ruling the Court quoted the following language:
 [I]n an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship.
Id. at 856 (quoting Restatement (Second) of Contract of Laws § 146 at 403.)
The Court went on to state that "Comment (d) under this section makes it clear that in virtually all instances where the conduct and the injury occurs in the same state, that state has the dominant interest in regulating and determining whether the interest is entitled to legal protection." Id. at 857 (emphasis added).
In light of the three cases explicated above, it is clear that although Rhode Island has departed from the lex locidelicti theory of conflicts of law, the same results compelled by this rule will obtain under the more flexible interest-weighing approach absent highly unusual circumstances. The Woodward and Brown cases represent examples of highly unusual circumstances in that only the first two factors of the four factor test pointed toward one jurisdiction with the others pointing to another making the place of the tort fortuitous. Our Supreme Court saw fit to depart from a strict rule under such circumstances.
The circumstances presented by the instant facts cannot fairly be characterized as highly unusual in a way demanding a similar departure from a lex loci delicti mandated result. Virtually all the factors refer to Massachusetts with the Rhode Island residence of Dr. Leslie Cohen providing an extremely attenuated connection to Rhode Island. In this Court's opinion, this remote contact invests Rhode Island with no interest in the litigation. Thus, it is unnecessary to proceed to the five factor test employed in Woodward to decide which jurisdiction among the two or more interested jurisdictions has the greater interest in the controversy. Accordingly, the substantive law of Massachusetts must be applied to this controversy.
In the interest of clarity, this Court should note the nature of the conflicts presented by the instant dispute and the important aspects of the substantive law of Massachusetts that will apply.
First, Massachusetts law provides for the submission of medical malpractice claims to a medical tribunal. Mass. Gen. Laws Ch. 231 § 60B. Rhode Island does not have such a requirement in light of a finding by our Supreme Court that a Rhode Island statute requiring a similar process was unconstitutional.Boucher v. Sayeed, 459 A.2d 87 (R.I. 1987). In light of the foregoing conflict analysis this court must look to the Massachusetts law which upheld the constitutionality of their medical tribunal state in the opinion Paro v. LongwoodHospital, 369 N.E.2d 985 (Mass. 1977).
The second conflict presented by the instant case concerns the issue of charitable immunity. Massachusetts has embraced a long-standing public policy of charitable immunity whereas Rhode Island has long rejected the charitable immunity doctrine.Glavin v. Rhode Island Hospital, 12 R.I. 411 (1879). Again, because Massachusetts is the only jurisdiction interested in the instant dispute, this Court must apply the Massachusetts rule on charitable immunity.
Counsel shall prepare an appropriate order for entry.