Connolly, J.
After hearing upon reconsideration of the Plaintiffs Motion to Reduce the Bond, the court stands, on its previous order of August 15, 2001, and orders that the bond be reduced to $1.00 (one dollar).
*128 Based on the two hearings, the plaintiffs are indigent under the standards set out in G.L.c. 261, §27A. This court finds that the plaintiff has made at the tribunal hearing a good faith effort to present an offer of proof sufficient to meet the directed verdict standards. G.L.c. 231, §60B; Denton v. Beth Israel Hospital, 392 Mass. 277, 281 n.5 (1984).
Here, the court is faced with the problem of the possible denial of indigent’s access to the legal system. Basically, if a full bond is required of an indigent and that indigent cannot raise the money to post the bond, that person could be considered to have been denied access to the legal system. A non-indigent would merely have to post a bond. As pointed out in Paro v. Longwood Hospital, “(i]n limited circumstances, statutes that have imposed financial obstacles to obtaining access to the courts have been struck down on due process grounds . . . We need not decide whether a financial obstruction to the institution of a medical malpractice suit would fall into this limited category. The constitutional issue is avoided in this case because of the wide discretion that the statute gives to the judge to set the bond amount. As long as the discretion is exercised without unreasonably prohibiting meritorious claims, no constitutional violation will exist.” Paro v. Longwood Hospital, 373 Mass. 645, 652-53 (1977).
The only cases which are subject to the provision for the lowering or raising of the bond are cases in which the tribunal has determined that the evidence presented, even if properly substantiated, was not sufficient to raise a legitimate question of liability-appropriate for judicial inquiry. Therefore, the question becomes which of these cases are appropriate for the lowering of the bond and which are not. The court in Paro, clearly anticipates that some of the claims which fail to “pass the tribunal” will or may be meritorious. “As long as the discretion is exercised without unreasonably prohibiting meritorious claims, no constitutional violation will exist.” Paro, supra at 652-53.
Accordingly, what is the test as to when the court may or must reduce a bond? The court has answered that question in Perez v. Bay State Ambulance, 413 Mass. 670, 678 (1992). The court used a reasonableness standard, namely whether any reasonable person would expend their own funds in pursuit of this action. Perez, supra at 678. This court cannot say that “no reasonable person would expend their own funds in pursuit of this action.” As cases, including malpractice cases, proceed through discovery, differing facts are discovered, differing theories are presented, and differing positions on liabilities can drastically change.
Therefore, in light of the court’s findings that (1) the plaintiff has made at the tribunal hearing a good faith effort to present an offer of proof sufficient to meet the directed verdict standard; (2) that this court cannot say that “no reasonable persons would expend their own funds in pursuit of this action” (or conversely, this court can say that some reasonable persons would expend their own funds in pursuit of this action) and (3) that the plaintiffs are indigent under the standards set out in G.L.c. 261, §27A, this court believes that it has, at the minimum, the discretion to reduce the bond to $1.00 (one dollar). It may well be, in light of the above three findings, that the court is constitutionally mandated to reduce the bond in this case — or else a strong argument can be made that they, as indigents, were being denied access to the legal system. However, the court is making the decision in this matter in its discretion as set out in G.L.c. 231, §60B, and is not making any ruling on any constitutional issue.

ORDER

After further hearing, the court will stand on its previous order and the Plaintiffs Motion to Reduce the Bond is ¿ALLOWED and the bond is reduced to $1.00 (one dollar).