Sikora, J.
RULING
The court DENIES the plaintiffs motion to waive or to stay the annual civil litigation fee of $120.00.
REASONING
Introduction
The plaintiff Marci Archambeault brought this product liability action against multiple out-of-state defendants. The parties have recently agreed upon settlement terms. The action remains pending until they have completed payment of the settlement proceeds and executed acceptable releases. The clerk magistrate has served notice upon the plaintiff of the assessment of the anniversary fee of $120. She has moved to waive or to stay it.
The present request to waive or to stay the annual civil litigation fee of $120.00 (“the anniversary fee”) is the prototype of the motion and generic memorandum currently arriving by the hundreds in the civil sessions of the Superior Court. The usual motion (1) carries the assent of the defendant; (2) characterizes the fee as a penalty; (3) deems it a deprivation of due process under the standards of the United States and Massachusetts Constitutions because it allegedly punishes plaintiffs unfairly for delay by the court rather than for delay by the claimant; and (4) challenges it as a penalty falling discriminatorily upon plaintiffs’ claims in violation of the equal protection standards of the United States and Massachusetts Constitutions. As authority for the due process attack, the generic motion cites the decision of Logan v. Zimmerman Brush Co., 455 U.S. 422, 432-33 (1982); and for the equal protection criticism, the decisions of Lindsey v. Normet, 405 U.S. 56, 77 (1972), and Murphy v. Commissioner of the Department of Industrial Accidents, 415 Mass. 218, 230-34 (1993).
The anniversary fee undoubtedly grates against the mores of the civil litigation bar, especially the plaintiffs’ bar, long accustomed to the single entry fee followed by several years or more of court activity or of negotiation against the backdrop and sanction of court activity. The fee is new. It feels like a tax. It is unwelcome to practitioners. However, the legal challenges to the applicability and validity of the fee do not stand up to analysis.
1. Purpose and Application of the Statute
General Laws c. 262, §4D, as inserted by St. 2003, c. 26, §502, imposes the fee to be paid by plaintiffs at each anniversary of the pendency of a civil action in the Superior Court. The fee is mandatory and categorical. Its one implied exemption would excuse indigent plaintiffs relieved of the entry fee under the criteria of G.L.c. 261, §27A. The statute operates upon the pendency or continuation per se of a lawsuit. It doe not presume or assign fault for that pendency to the plaintiff. The fee does not function as a penalty.
The statute imposes a user fee in mitigation of the actual cost of litigation maintained by the court system. As an additional purpose and benefit, it may serve to stimulate prompt trial preparation and early settlement negotiation between the parties. Both purposes are legitimate governmental objectives, especially in times of overloaded dockets and court budgets eroded by economic downturns. The goals of the statutory fee entitle it to the usual presumption of constitutionality.
2. Due Process Assessment
The fee is reasonably related to its legitimate purposes. It does not fall upon the indigent plaintiff. For the non-indigent plaintiff, its impact is incremental and not onerous; and foreseeable at regular intervals. It does not amount to a barrier to access to the courts; only to a payment for continuation in the courts. A prevailing plaintiff is able to recover the fee as an ordinary cost at the conclusion of litigation and under the usual statutes and rules. E.g., G.L.c. 261, §§1, 13; Mass.R.Civ.P. 54(d); and Waldman v. American Honda Motor Co., 413 Mass. 320, 321-24 (1992).
Substantial authority has upheld far more drastic legislative regulation of the maintenance of civil claims in the Massachusetts trial courts against substantive due process challenges. In Pinnick v. Cleary, 360 Mass. 1, 14-27 (1971), the Supreme Judicial Court sustained the legislative removal from the courts of an entire category of motor vehicle personal injury claims. That modification of the litigation system satisfied due *232 process because it relieved court congestion; because the curtailed private right was modest (loss of small injury claims); because the public cost of maintaining that private right had risen out of rational proportion to any public benefit; and because the substituted remedies for the eliminated right (insurance benefits) were reasonable.
In Paro v. Longwood Hospital, 373 Mass. 645, 651-55 (1977), the court sustained the medical malpractice tribunal screening and bond system against the .due process contention that it interposed a financial barrier to access to the courts. It reasoned that a financial requirement for maintenance of a civil action would violate due process only if it obstructed pursuit of a fundamental right of a plaintiff and if it left the claimant with no reasonable alternative means to use of the courts. Id. at 622 and cases cited. The $120 annual maintenance fee is not going to offend those standards.
Long before Paro and Cleary the Supreme Judicial Court had concluded similarly that a civil litigant could bear a reasonable increment of the costs of administration of even the most fundamental entitlements. In H.K. Webster Co. v. Mann, 269 Mass. 381, 385 (1929), it upheld the requirement of G.L.c. 231, §104, that a party post a bond of $100.00 in order to remove a District Court action to the Superior Court for juiy trial. The fee did not unconstitutionally burden the right to trial by jury guaranteed by Article 15 of the Declaration of Rights. A $100.00 fee in 1929 dwarfs a $120.00 fee in 2004.
The plaintiffs’ general reference to Logan v. Zimmerman Brush Co., 455 U.S. 422, 432-33 (1982), has little relevance. There the Court held that an Illinois statute could not divest a state anti-discrimination agency of its jurisdiction over a claim by reason of the agency’s own negligent failure to conduct a probable cause hearing within a statutoiy deadline. The state could not arbitrarily “destroy at will” significant private rights once it had created them as interests protectible under the Due Process Clause of the Fourteenth Amendment. Id. That case has no resemblance to the operation of the anniversary fee. The fee does not extinguish any claimant’s right of action; nor does it penalize a litigant for the alleged fault of the tribunal (as discussed below).
3. Equal Protection Assessment
The anniversary fee does not discriminate against plaintiffs in violation of equal protection standards of either the United States or Massachusetts Constitutions. It does not impose an irrational classification upon plaintiffs. Nor does it arbitrarily blame and penalize plaintiffs for the duration of a case.
Legislation treating civil plaintiffs and defendants differently must satisfy the rational basis standard. It need only avoid irrationality or arbitrariness. Pinnick v. Cleary, 360 Mass, at 27-31 (addressing the treatment of claimants alleging minor injury from motor vehicle accidents); Paro v. Longwood Hospital, 373 Mass, at 651 (approving of the screening of medical malpractice claims). The Legislature need not treat plaintiffs and defendants with perfect parity. It may rationally assume that the bulk of unnecessary or exaggerated claims have “resulted from plaintiffs who filed and prosecuted suits without having a legally sufficient claim.” Id.
Here the application of the anniversary fee to a plaintiff is not irrational because the plaintiff creates the litigation and sets in motion its machinery; because the plaintiff has a significant degree of control over the pace of its progress toward trial or settlement; because the fee is moderate; because it does not affect entry into the courts; and because the plaintiff may recover it as an ordinary cost at the conclusion of the case.
Nor is the court system arbitrarily taxing the plaintiff for its own alleged slowness. The courts do not create trial delay. The volume and the tactics of litigation create delay. The litigants pitch; the courts catch. The single largest category of motions in the Superior Court is the request for continuance of trial and enlargement of pretrial deadlines. Counsel request the continuances and enlargements for myriad reasons including, but not limited to, the needs of the clients, the availability of witnesses, the schedules and workloads of the attorneys, problems of preparation, and the desire for late mediation or last-minute settlement negotiation. In the conduct of trials, civil litigators are prone to underestimate the time needed for trial completions and to cause postponement and disruption of the trials scheduled behind theirs. Finally, even with cooperation between bench and bar, the orderly arrangement of trials and motions in a busy civil session will always be inherently difficult. In this process most courts are attempting to meet their time standards and to treat fairly parties and attorneys in genuine need of reasonable accommodation. The Massachusetts bar culture generally expects and receives that degree of reasonable play in the joints of the system. That tradition often causes extended maintenance of the case at the courthouse. The anniversary fee reflects a small portion of the true cost of that extended maintenance.
Finally, the equal protection precedents of the generic waiver motion have little practical application to the anniversary fee system. In Lindsey v. Normet, 405 U.S. 56, 79 (1972), the Supreme Court invalidated an Oregon statute requiring tenants seeking to appeal from an eviction order to post a bond equal to twice the amount of the rent expected to accrue during the appellate process. Oregon had justified “the double bond requirement” as a means to deter frivolous appeals and to insure landlords against loss of rent during the appellate interval. The Court concluded that the statute did not effectively accomplish either *233 purpose and that it therefore burdened poorer tenants without rational justifications.
In Murphy v. Commissioner of the Department of Industrial Accidents, 415 Mass. 218, 230-34 (1993), a Massachusetts statute required an employee seeking to challenge an administrative judge’s denial of workers’ compensation benefits to pay a fee if the case involved a medical question and if the employee were proceeding with the assistance of counsel. The fee equaled the average weekly wage in the Commonwealth (or about $515.52 at the time of the litigation). The Commonwealth justified the provision as a means to deter frivolous appeals, to defray the cost of impartial medical examinations, and simultaneously to exempt pro se claimants as financially disadvantaged. The court found the distinction between represented and unrepresented claimants to be irrational and struck down the provision.
The anniversary fee system does not resemble the financial hurdles and the questionable objectives in Normet and Murphy. First the fee is small: at $120 per year or $10 per month it comes to about one-fifth of the levy in Murphy, and probably much less than the “double bond” (most likely two months rent at a minimum) in Normet. Contrast Bankers Life & Casualty Co. v. Crenshaw, 486 U.S. 71, 83-84 (1988), in which the Court sustained against due process and equal protection attacks a Mississippi statute imposing a 15% penalty on litigants appealing unsuccessfully from money judgments. The court characterized the 15% as a “modest assessment” reasonably calibrated to deter a number of unmeritorious appeals. The anniversary fee is even more modest: and it does not attempt any direct merits-related treatment of cases. For perspective, one should remember that a Superior Court plaintiff is typically alleging that his claim has a minimal value of $25,000.00; that the claimant pays the fee only if it uses all 52 weeks of the incremental year; and that it receives the benefit of an arsenal of tools devised for the just determination of the claim (attachments; injunctions; compulsory discovery; pretrial motion practice; trial; and posttrial remedies; and all the courthouse filings, hearings, reading, reasoning, rulings, and recording accompanying them). In this case the continued pendency of the action is serving as a settlement enforcement mechanism, a substantial quid for the small quo of the fee.
Second, no sophisticated difficulties cast doubt upon its straightforward purpose as a user fee to defray a small segment of public costs and as a prod for the prompt resolution of small and marginal disputes.
CONCLUSION
For these reasons, the motion to waive or to stay the collection of the anniversary fee has no merit.