NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12389


DOROTEO POLANCO  vs.  ANDRAS SANDOR.


August 13, 2018.


Medical Malpractice, Bond.


The plaintiff, Doroteo Polanco, commenced this medical
malpractice action pursuant to G. L. c. 231, § 60B, against the
defendant, Andras Sandor, and two others.[1]  After a medical
malpractice tribunal concluded that there was not evidence
"sufficient to raise a legitimate question of liability
appropriate for judicial inquiry," as required by the statute,
Polanco filed a surety bond in the amount of $6,000 so that he
could pursue his claim "through the usual judicial process."
See G. L. c. 231, § 60B.  Sandor filed a motion to strike the
surety bond and to dismiss the complaint.  A judge in the
Superior Court allowed the motion to strike on the basis that a
surety bond does not satisfy the statutory obligation to file
"bond in the amount of [$6,000] in the aggregate secured by cash
or its equivalent."  G. L. c. 231, § 60B.  The judge then
reported his ruling on the issue to the Appeals Court pursuant
to Mass. R. Civ. P. 64 (a), as amended, 423 Mass. 1403 (1996),
and stayed the matter in the trial court.  We transferred the
case to this court on our own initiative.

Pursuant to G. L. c. 231, § 60B, "[e]very action for
malpractice, error or mistake against a provider of health care
shall be heard by a tribunal consisting of a single justice of
the superior court, a physician licensed to practice medicine in

_____

[1] According to the trial court docket, stipulations of
dismissal have entered as to the plaintiff's claims against the
two other defendants, Khaled A. Yehia and Hallmark Health
System, Inc.  They are not a part of this appeal.

the commonwealth . . . and an attorney authorized to practice law in the commonwealth."  At the hearing, the plaintiff "shall present an offer of proof" and the tribunal "shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result."  Where, as here, the tribunal finds for the defendant, "the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of [$6,000] in the aggregate secured by cash or its equivalent," which will be "payable to the defendant . . . for costs assessed, including witness and experts fees and attorneys fees if the plaintiff does not prevail in the final judgment."  The presiding judge may, in his or her discretion, increase the amount of the bond, or, if a determination is made that the plaintiff is indigent, the judge may reduce, but not eliminate all together, the amount of the bond.[2]

General Laws c. 231, § 60B, was enacted in 1975 to help "ensure the continued availability of medical malpractice insurance at a reasonable cost," and to do so by imposing a screening procedure and a bond requirement to "discourage frivolous medical malpractice claims."  Paro v. Longwood Hosp., 373 Mass. 645, 647, 651 (1977).  See, e.g., Faircloth v. DiLillo, 466 Mass. 120, 124 (2013) (discussing purpose of bond requirement).  The Legislature's intent in enacting § 60B

> "was to discourage malpractice litigation that is inappropriate for judicial resolution either because the litigation is frivolous or because, even if the plaintiff is acting in good faith, his alleged injury is simply an 'unfortunate medical result' for which the defendant should not be held accountable."

McLaughlin, A Look at the Massachusetts Malpractice Tribunal System, 3 Am. J.L. & Med. 197, 200 (1977).

With that in mind, we turn to the question before us: whether a surety bond in the amount of $6,000 (which, as best we can tell from the record before us, Polanco obtained for $120) satisfied the requirement of the statute that a plaintiff wishing to proceed after a tribunal has found in favor of a

---

[2] In addition to moving to strike the surety bond and dismiss the complaint, the defendant here also moved to increase the amount of the bond.  The judge denied that part of the motion.

defendant must file "bond in the amount of [$6,000] in the aggregate secured by cash or its equivalent." We conclude that it does not.

Where an accepted purpose of the statute is to discourage a plaintiff from pressing forward with what a tribunal has determined to be unmeritorious claims, and where, to that end, the statute requires a bond in the amount of $6,000 in "cash or its equivalent," allowing a plaintiff to proceed after paying only a modest sum (here, $120) rather than the statutorily-prescribed $6,000 would not accomplish the statute's objective. Indeed, Polanco himself has failed to set forth any meaningful argument to support his position that using a surety bond is adequate. The argument section of his brief includes but one paragraph that states, in its entirety:

> "$6000 = $6000. A surety bond in the amount of $6000 is equivalent to $6000. The legislature chose to add the words 'or its equivalent' to the subject statute. The basic tenant [sic] of statutory interpretation is simply to give the legislature[']s word[s] their ordinary meaning. Clearly the legislature contemplated an alternative to cash to satisfy the posting requirement under G. L. c. 231, [§] 60B. The purpose of G. L. c. 231, [§] 60B, is not punitive."

That the Legislature contemplated an alternative to cash does not necessarily mean, however, that a surety bond will suffice, at least in the context presented here.[3]

Polanco's point -- that a surety bond in the amount of $6,000 "is equivalent to $6000" -- arguably might be accurate if one were to look at the statute solely from a defendant's perspective; should a plaintiff lose in the trial court (thus rendering the $6,000 available to the defendant for trial costs, including attorney's fees) it may not matter whether the defendant is compensated in cash or by a professional surety with a bond. Compensation is not the only objective of the statute, however, nor is it even the dominant objective. As our cases state, a principal purpose of the statute is to deter plaintiffs from going forward with unmeritorious claims. From that perspective, a $6,000 surety bond that cost a plaintiff

---

[3] We need not here decide what, specifically, constitutes the "equivalent" of cash -- e.g., a certified check, a money order, personal property. We merely conclude that a surety bond does not.

$120 is certainly not equivalent to $6,000 because it does little to accomplish the Legislature's objective. Allowing a plaintiff to proceed on something quite less than $6,000 effectively ignores the deterrence intent of the statute.

We do agree with Polanco on one point -- that the purpose of the bond requirement is not punitive. The point is not to punish a plaintiff; the point is to discourage unmeritorious claims and to compensate a defendant for costs should the plaintiff's claims ultimately fail. That the bond requirement is not punitive does not, however, somehow render a surety bond equivalent to cash (and, again, Polanco has given us no legal argument to support his position).[4]

For the reasons set forth herein, we conclude that a surety bond in the face amount of $6,000 is not the "equivalent" of $6,000 in cash for purposes of G. L. c. 231, § 60B. The order of the Superior Court judge allowing the defendant's motion to strike the surety bond is therefore affirmed.

So ordered.

Richard Sheehan for the plaintiff.
Allyson N. Hammerstedt for the defendant.

_____

[4] If the Legislature had intended a surety bond to suffice for purposes of G. L. c. 231, § 60B, it could easily have included language to that effect in the statute. Cf. Commonwealth v. Ray, 435 Mass. 249, 258 (2001) (concluding, in criminal bail context, that under provision in G. L. c. 276, § 58, stating that defendant required to post cash bail "shall be allowed to provide an equivalent amount in a surety company bond," "a surety bond set at an amount ten times the amount of [the] cash bail is equal in effect to that cash bail").